**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MEHRDAD NOORI HOSSAIN
ABADI,

      Petitioner-Appellant,

v.

IMMIGRATION AND
NATURALIZATION SERVICE;
JOSEPH R. GREENE, and John Doe,

      Respondents-Appellees.

No. 99-1522
(D.C. No. 94-Z-1867)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mehrdad Noori Hossain Abadi ["Mr. Noori"] appeals from a final order denying a writ of habeas corpus. Through the writ, Mr. Noori sought reversal of the Board of Immigration Appeal's (BIA) order denying his request for asylum or, alternatively, for withholding of deportation. Our jurisdiction arises under 28 U.S.C. § 2253(a), and we affirm.

The district court's and the BIA's final orders fully set out the history of this case and we need not repeat it here [1]. It is undisputed that Mr. Noori is an excludable alien from Iran. Under Section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a), the Attorney General may grant asylum to an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of . . . political opinion," 8 U.S.C. § 1101(a)(42)(A). Mr. Noori applied for asylum under these provisions. After a full hearing, the BIA refused to grant asylum. Mr. Noori raises four issues on appeal: (1) whether substantial evidence supports the BIA's finding that Mr. Noori's testimony was not credible; (2) whether the BIA erred in finding that Mr. Noori had not met his burden of proof to establish that he is a refugee who has suffered past persecution or has a well-founded fear of future

_____

[1] Because Mr. Noori's application for asylum and petition for writ of habeas corpus were filed in 1994, the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act do not apply and we decide the case under the law effective at that time. *See, e.g.*, *Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1142-43 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 1539 (2000).

persecution; (3) whether the BIA erred by disregarding unauthenticated documentary evidence; and (4) whether the BIA and/or the district court denied Mr. Noori due process by allegedly failing to "fully weigh all the relevant evidence." Appellant's Br. at 19.

In reviewing the BIA's order denying asylum, we may not reweigh the evidence or determine the credibility of witnesses. *See Refahiyat v. INS*, 29 F.3d 553, 556 (10th Cir. 1994). The BIA's determination that Mr. Noori was not eligible for asylum must be upheld if supported by substantial evidence on the whole record, and may be reversed only if the evidence presented was such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

We have carefully reviewed the whole record and we conclude that substantial evidence supports the BIA's finding that Mr. Noori was not credible and its concurrent legal conclusion that Mr. Noori did not meet his burden of proof. We also conclude that the BIA was not unreasonable in refusing to give controlling weight to the documents that Mr. Noori presented at the hearing, especially in light of the fact that they were prepared after he had applied for asylum and he was given an opportunity to present the original documents and did not do so. Further, the documents did not present conclusive evidence of political persecution even if they had been authenticated. The letter from an

opthalmologist, for example, states only that the doctor had treated Mr. Noori for keratitis, which is an inflammation of the cornea that may have several different causes. *See* Respondent's App. Vol. II at 158.

Finally, we note that the BIA fully considered the documentary evidence and Mr. Noori's testimony, and, given the inconsistencies in the record, was not obliged to believe Mr. Noori's story. We conclude that the BIA reasonably discounted Mr. Noori's statement that the reason the Islamic Revolutionary Committee connected him and his friend Mehdi with the anti-government flyers they had surreptitiously posted was that Mehdi had written his own name on the flyers. It is very unlikely that one who secretly posts flyers at midnight because of fear of execution would openly identify himself on the face of the flyer. Thus, it is reasonable for the BIA to have also discounted Mr. Noori's story that he was arrested and beaten for posting those flyers. *See Refahiyat*, 29 F.3d at 556 (stating that alien seeking political asylum must objectively demonstrate persecution or fear of persecution with credible evidence).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge